IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LITTLE ROCK FAMILY PLANNING SERVICES,** *et al.*          **PLAINTIFFS**

**VS.**          **4:19-CV-00046-BRW**

**ARKANSAS BOARD OF HEALTH**          **DEFENDANT**

## ORDER

Pending is Plaintiffs' Motion to Remand (Doc. No. 9). Defendant has responded.[1] For the reasons set out below, the case is REMANDED for lack of jurisdiction.

## I. BACKGROUND

Defendant cited Plaintiffs for alleged violations of the Arkansas's Women's Right-to-Know Act. Specifically, Plaintiffs are alleged to have violated the provision that prohibits a "physician, facility, employee or volunteer of a facility, or any other person or entity" from requiring or obtaining payment "provided in relation to abortion" until after the 48-hour "reflection period" has passed.[2] After an adverse state agency ruling, Plaintiffs appealed the case to the Circuit Court of Pulaski County, Arkansas.

## II. DISCUSSION

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[3] Rather than a complaint, this case proceeded to the Circuit Court of Pulaski County, Arkansas under an

---

[1] Doc. No. 13.

[2] Ark. Code Ann. § 20-16-1703(d).

[3] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112–113 (1936)).

1

"Appeal from Administrative Decision."[4] That filing indicated that Plaintiff was appealing because the Arkansas Board of Health's ("ABH") adverse ruling, in a state-agency proceeding, was "insufficient under the law to permit judicial review" and Plaintiffs wanted to preserve its issues for appeal. Plaintiffs also filed a "writ of mandamus to compel [Defendant] to perform a purely ministerial act pursuant to the Arkansas Administrative Procedures Act."[5] In other words, it appears to me that the only issue currently raised in this case is whether the ABH has complied with the Arkansas Administrative Procedures Act, and whether it should be ordered to comply with the Act. In fact, for relief, Plaintiffs assert that they "want and are entitled to 'ordinary appellate review' of the ABH decision."[6] Accordingly, there are no pending federal claims and this Court lacks jurisdiction.

## CONCLUSION

Based on the findings of fact and conclusions of law above, this case is REMANDED. The Clerk of the Court is directed to immediately remand this case to the Circuit Court of Pulaski County, Arkansas. Plaintiffs' Motion to Remand (Doc. No. 9) is DENIED as MOOT.

IT IS SO ORDERED this 13th day of March, 2019.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 2.

[5] Doc. No. 5.

[6] Doc. No. 7.